COLOR VERSION
# 110993 - 11

PROB 22
(Rev. 2/88)

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| **TRANSFER OF JURISDICTION** | N0431178 |
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Salvatore O D'Agostino | California | Central |

RECEIVED
MAR 31 2008
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

| NAME OF SENTENCING JUDGE |
|---|
| Honorable Rita Coyne Federman |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 10/19/07 | 10/18/10 |

**OFFENSE**

Section 23152(b) of the California Vehicle Code; Driving under the influence

08 CR 311 JUDGE MANNING    MAGISTRATE JUDGE ASHMAN

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____CENTRAL_____ DISTRICT OF _____CALIFORNIA_____

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Northern District of Illinois_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____3/18/2008_____
*Date*

_____[signature]_____
*United States District Judge*
Magistrate

1159

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _Northern_ DISTRICT OF _Illinois_

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
MAY 19 2008
5-19-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1 1 2008
_____
*Effective Date*

_____James F. Holderman_____
*United States District Judge*



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604
April 21, 2008

312-435-5698

MICHAEL W. DOBBINS

Central District of California
Ms. Sherri R. Carter, Clerk
United States District Court
G-8 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-470

Dear Clerk:

**Re:** N0431178    USA v. Salvatore O. D'Agostino    Judge Rita Coyne Federman

Our Case Number:  08 CR 311 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

                           Sincerely,

                           Michael W. Dobbins
                           Clerk

by: _____

                           Marsha E. Glenn
                           Deputy Clerk

Enclosure

*—We do not docket CVB cases.*

# United States District Court
## Violation Notice

| Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|
| N 0431178 | M.Life | 1926 |

**CVB Location Code** CB37

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☐ USC ☒ State Code |
|---|---|
| 12/16/2006  12:35 | CMC 23152(A) |

Place of Offense  N3VC Northwestern
32nd & Park

Offense Description  Assimilated by Title 15 USC 13
Driving while under the influence
BA above 0.08%

### DEFENDANT INFORMATION

| Last Name | First Name | M.I. |
|---|---|---|
| Dagostino | Salvatore | O |

Phone (312) 904 - 7005

Street Address  708 N Hanlock St.

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| 708 N Hanlock St. | ILL | 93041 | 06/10/1953 |

| Drivers License No | D.L. State | Social Security No |
|---|---|---|
| D223-7988-3165 | ILL | 323 74 5941 |

### VEHICLE DESCRIPTION  VIN 3M47 9240 37P3

| Tag No | State | Year | Make/Model | Color |
|---|---|---|---|---|
| 6920 229 | ILL | 79 | Olds/Cutl | Brn |

| ☒ Adult ☐ Juvenile | Sex ☒ Male ☐ Female | Eyes Br | Hair Br | Height 700 | Weight 29 |
|---|---|---|---|---|---|

**A** ☐ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy)

**B** ☐ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy)

$ _____ Forfeiture Amount
+ $25 Processing Fee

**PAY THIS AMOUNT →** $ _____ Total Collateral Due

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail)

| Court Address | Date (mm/dd/yyyy) | Time (hh:mm) |
|---|---|---|

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due

X _____ Defendant Signature

Original - CVB Copy

---

N 0431178

N.K.
Runthea
5/18/07

### STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on _____ 20____ while exercising my duties as a
law enforcement officer in the _____ District of _____

_____
_____
_____
_____
_____
_____
_____

The foregoing statement is based upon

☐ my personal observation      ☐ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge

Executed on _____    _____
               Date (mm/dd/yyyy)         Officer's Signature

Probable cause has been stated for the issuance of a warrant

Executed on _____    _____
               Date (mm/dd/yyyy)         U.S. Magistrate Judge

# STATEMENT OF PROBABLE CAUSE

### (For Issuance of an arrest warrant or summons)

I state that on Dec 17, 2006 while exercising my duties as a law enforcement officer in the Central District of California I observed/investigated the following:
On 17DEC06 at 0124 my partner, Officer BECK traveling north on Parks, a one way street, was met head on by an on coming vehicle traveling against the flow of traffic, Officer BECK requested an additional unit to assist.

## FIRST OBSERVATIONS:

0125 As I arrived on scene Officer BECK was instructing the driver to turn off the vehicle. I approached from the North and observed a brown in color 2door Oldsmobile Cutlass Illinois license plate # 6420 229, that was stopped facing south, against the posted direction of traffic.

## OBSERVATIONS AFTER THE STOP:

Officer Beck asked DAGOSTINO if he saw the one-way traffic sigh located approximately ten feet behind his vehicle, DAGOSTINO stated yes, but he was only trying to get right here. When asked were here was DAGOSTINO was unable to give a house number or street that he was parked on, DAGOSTINO attempted to look over his shoulder at the house address, DAGOSINO paused with his head back as if he were looking at the ceiling of his vehicle, after approximately five seconds DAGOSTINO lifted his head, looking at Officer BECK with out answering. Officer Beck noticed a strong odor of an alcohol based beverage coming from DAGOSTINO's person, blood shot eyes, combined with DAGOSTINO's seemingly impaired motor skills Officer BECK instructed DAGOSTINO to step out of the vehicle for further questioning.

At approximately 0127 hours, I asked DAGOSTINO several investigatory questions before administering field sobriety tests. I stood about an arm's length apart from DAGOSTINO I continued to observe that DAGOSTINO's speech was slow and at times mumbled. DAGOSTNO had trouble enunciating his words. DAGOSTNO continued to display; watery, blood shot eyes with droopy eyelids and emitted a strong odor of an alcoholic beverage on his breath. I had DAGOSTINO perform a series of field sobriety tests (FSTs) during which I observed significant signs of impairment.

## FIELD SOBRIETY TESTS (FSTS):

At approximately 0130 hours, I administered FSTs to DAGOSTINO. I instructed DAGOSTINO to stand with his heals and toes together, with his arms and hands at his sides, while observing me explain and demonstrate each test. I had to tell DAGOSTINO repeatedly to put his feet together while I demonstrated and explained each FST to DAGOSTINO. I did not administer any test unless DAGOSTINO indicated he understood it as demonstrated and explained. The FSTs were conducted on flat level ground clear of obstructions, in a well-lit area. DAGOSTINO had trouble understanding the concept of placing his feet together with heals and toes touching and I instructed him to return to that position several times throughout and prior to the completion of the FSTs

## Horizontal Gaze Nystagmus:

DAGOSTINO was not wearing any eyeglasses or contact lens. DAGOSTINO said that he did not need to wear eyeglasses. I asked DAGOSTINO if he could see the stimulus, he responded yes. I observed lack of smooth pursuit, nystagmus at maximum deviation and nystagmus prior to 45 degrees. There was no vertical nystagmus. Lack of convergence was present.

## Romberg Balance:

DAGOSTINO started the test before instructed and was told to return to the start position to observe while I finished demonstrating the test. DAGOSTINO swayed unsteadily approximately 2"-5" from center, back/forth and side/side. After approximately 37 seconds, DAGOSTINO opened his eyes. I asked if he thought the 30 seconds was up and he replied "yes"

## One Leg Stand:

DAGOSTINO had said that he had arthritis in both knees, but that it would not hinder his performance on the FST. He chose to raise his right foot. While standing on his left foot, DAGOSTINO failed to raise his foot six inches off the ground. I again instructed his to raise his

foot six inches off the ground. DAGOSTINO had raised his arms straight out and parallel with the ground. I again advised his to lower his arms to his sides. He lowered his arms and put his foot down. He then raised his right foot 2-3 inches from the ground. I again advised him to raise his foot six inches from the ground. He swayed from right to left and missed counted. Twice he stopped counting at 12 and looked at me for further instructions, both times I instructed him to continue counting from 12 and continue with his foot to six inches off the ground, until I instructed him to stop. DAGOSTINO continued counting form 1. Upon reaching 28 I noticed that DAGOSTINO was leaning to his right at this point. I felt he might fall and injure himself. I stopped the test and did not re-administer for his safety.

Walk and Turn:
During the test, DAGOSTINO walked with an exaggerated pigeon toe attempting to keep his balance. DAGOSTINO made a pivot turn on his heals stopped and looking at officers for more instructions. DAGOSTINO was instructed to take nine more steps heal to toe in a trait line in the direction he was facing stepped off the line 5 times, on steps two and seven DAGOSTINO stepped off the line waving his hands in an exaggerated attempt to keep his balance.

ARREST:
Based on observed driving, DAGOSTINO's statement that he had consumed five beers, and some kind of juice and alcohol beverage, as well as the objective signs of alcohol impairment, the odor of an alcoholic beverage on his breath, and impairment observed during the FSTs, I concluded that DAGOSTINO drove a motor vehicle impaired under the influence of alcohol: a violation of 23152(a) VC.

At approximately 0145 hours, I arrested DAGOSTINO for violating 23152(a) VC: DUI. I advised DAGOSTINO of the requirements of 23612 VC and 18USC3318; Implied Consent.

At approximately 0147 hours, I transported DAGOSTINO to Bldg 1443 NBVC Police Headquarters. DAGOSTINO provided three breath samples. I noted he did not regurgitate, belch, vomit, eat, smoke, and consume any alcoholic beverages, or other fluids at least 15 minutes prior to administering the test.
DAGOSTINO provided three successive breath samples using an Intoxilyzer 5000EN Ventura Model (SN 68-011074), which registered 0.16 (0156), 0.19(0159), 0.17(0212)

I issued DAGOSTINO two United States District Court Violations (N0431465)) for 23152(a)&(b), and one "Armed Forces Traffic Ticket" (N15864629).

At approximately 0545 hours DAGOSTINO was released to his command representative EO1 DOUGLAS ARNOLD in apparent good health and uninjured.

ADDITIONAL INFORMATION:
DAGOSTINO's vehicle was not towed due to manpower restraints.

DAGOSTINO exhibited genuine remorse; I suggested to DAGOSTINO that he help himself by educating his peers in NMCB-4, by passing out a DUI awareness flyer. Approved for circulation by the CO of NBVC. A DUI awareness flyer was given to DAGOSTINO, and an electronic copy was given to EO1 DOUGLAS ARNOLD to give to DAGOSTINO at a later date.

RECOMMENDATIONS:
MA2 RATH recommends that Naval Base Ventura County's Judge Advocate Generals Office review this report and prosecute DAGOSTINO for the following:

23152(a) – driving under the influence of alcohol with a BAC of .08 or greater

For further information, refer to NBVC Incident Report #054811400358-7G

The foregoing statement is based upon:
___ My personal observations    _X_ my personal investigation
_X_ Information supplied to me from my fellow officer's observation
___ Other (explained above)

I declare under penalty of perjury that the information I have set forth above and on the face of violation notice N0222314 is true and correct to the best of my knowledge.

Executed on: _09 MAY 07_ _____
            Date                                  Officer's signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____
            Date                                  U.S. Magistrate



**United States District Court**
**Central District of California**

> FILED
> CLERK, U.S. DISTRICT COURT
>
> OCT 2 2 2007
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY _____ DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**　　N0431178 |
| **Defendant**　SALVATORE O. D'AGOSTINO, III | **Social Security No.** _5_ _9_ _4_ _1_ |
| akas: _____ | (Last 4 digits) |

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 10 | 19 | 2007 |

**COUNSEL** [X] **WITH COUNSEL** _____ Michael Schafler, Deputy Federal Public Defender
(Name of Counsel)

**PLEA** [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE** [ ] **NOT GUILTY**

**FINDING** There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
California Vehicle Code § 23152(b); Driving Under the Influence

**JUDGMENT AND PROB/ COMM ORDER**

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the imposition of jail time shall be suspended and the defendant shall be placed on supervised probation for a period of three years under the following terms and conditions:

1. the defendant shall comply with the rules and regulations of the Probation Office and General Order 05-02;

2. the defendant shall complete twenty-four (24) hours of community service, as directed by the Probation Officer;

3. the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter;

4. the defendant shall not drive a motor vehicle with any measurable amount of alcohol in his body;

5. the defendant shall submit to and complete tests of his breath, blood, or urine when requested by a peace officer or a Probation Officer;

6. the defendant shall enroll in, complete, and pay for a licensed driving-under-the-influence program as directed by the Probation Officer. The defendant shall complete an equivalent program in his state of residence if he does not complete such a program in the State of California;

7. the defendant shall comply with all rules and regulations of any applicable military installation and the Department of Motor Vehicles. The defendant shall not operate any vehicle unless granted permission to do so via a valid State issued driver's license;

USA v.    SALVATORE O. D'AGOSTINO, III                    Docket No.:    N0431178

8.  upon payment of the fine, special assessment and processing fee, and completion of community service and the driving-under-the-influence program, pursuant to 18 U.S.C. §3601, the Probation Officer shall have the discretion to implement unsupervised probation for the remainder of the probationary term.  While on unsupervised probation, the defendant shall not commit another federal, state, or local crime, and shall notify the Probation Officer at least ten days prior to any change in residence or employment;

9.  the defendant shall register with the Probation Office within 72 hours from the day sentence is imposed.

IT IS ORDERED the defendant shall pay to the United States a fine of $390.00, due on or before January 19, 2008.

IT IS ORDERED the defendant shall pay to the United States a special assessment of $10.00, due on or before January 19, 2008.

IT IS FURTHER ORDERED the defendant shall pay to the United States a processing fee of $25.00, due on or before January 19, 2008.

The fine, special assessment and processing fee shall to be mailed to:

     Central Violations Bureau
     Post Office Box 70939
     Charlotte, NC 28272-0939

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

10/22/07
Date

RITA COYNE FEDERMAN
United States Magistrate Judge

1159

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

10/22/07
Filed Date

By
Deputy Clerk

-Barbara Hall-

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date

Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____    -Barbara Hall

Deputy Clerk

_____
Filed Date

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604
April 21, 2008

MICHAEL W. DOBBINS

312-435-5698

Central District of California
Ms. Sherri R. Carter, Clerk
United States District Court
G-8 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-470

Dear Clerk:

**Re:**  N0431178    USA v. Salvatore O. D'Agostino    Judge Rita Coyne Federman

Our Case Number:  08 CR 311 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: _____
Marsha E. Glenn
Deputy Clerk

Enclosure